IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Gerald I. Smith Jr.,

    Plaintiff,

v.

Sean M. Lynn, Esq. (Individual) and The Law Offices of Sean M. Lynn, P.A. (Corporation)

    Defendants.

Civ. No. 18-1415

Jury Trial Requested

**PLAINTIFF'S MOTION OPPOSING DEFENDANT'S MOTION TO DISMISS**

1. The Plaintiff respectfully requests that the Court deny the Defendant's motion to dismiss due to the Defendant's misrepresentation of the facts, the inclusion of matters that are currently pending action and the incorrect conclusion that the Court does not have subject matter jurisdiction. Rather than answer each of the allegations in the Plaintiff's complaint, the Defendant in his motion to dismiss responded with fallacious arguments in order to falsely portray the Plaintiff's unrelated complaints. As stated in the Plaintiff's September 13, 2018 complaint and Exhibits, the Plaintiff had to endure for over one year similar abusive motions and misrepresentation of the facts from the Defendant. The Defendant has never provided any evidence or witnesses with regards to any of the Plaintiff's complaints and solely relies on the misrepresentation of the facts and his disparaging personal opinion to mislead the Court.

2. The Defendant falsely uses the term "unnamed co-conspirators in Family Court". All of the allegations against Family Court are clearly articulated. Additionally the specific actions taken and by whom are also clearly articulated in the numerous attachments provided in the

Plaintiff's September 13, 2018 complaint. The Defendant is falsely portraying the Family Court actions taken against the Plaintiff as a "larger conspiracy" without providing any evidence. The Plaintiff has only used facts to describe any situation or complaint. The Plaintiff did experience significant long term harassment that started in 2008 after he filed complaints against senior military leaders. The complaints against the senior military leaders led to further retaliation. The Plaintiff's complaints were never properly addressed and is currently pending action with the Air Force Board for Correction of Military Records. Additionally the Plaintiff's complaints since 2015 have been under consideration by the International Criminal Court. Until an investigation is completed it is impossible to determine if the Family Court actions are retaliation for the Plaintiff's high level complaints, therefore the Plaintiff respectfully requests that the Court only consider each action individually even though a pattern of continued harassment has existed since 2008. Due to the Defendant not providing a single witness or any evidence that contradicts any of the Plaintiff's previous complaints, the Plaintiff requests the Court to not consider any past complaints made by the Plaintiff.

3. The Defendant misrepresents the facts by stating his commanding officer ordered the Plaintiff undergo a mental health evaluation because Plaintiff believed that "hundreds of people were conspiring" against him. The Plaintiff never stated or believed "hundreds of people" were conspiring against him. This was a false statement made by the Plaintiff's administrative commander in order to justify a command directed evaluation. The Plaintiff provided in his September 13, 2018 complaint documents which clearly stated the Plaintiff never made or believed that statement. The Plaintiff currently has pending action before the Air Force Board for Correction of Military Records which denies the false statement made by the administrative commander. Due to the numerous misrepresentation of the facts made by the Defendant, the

Plaintiff is requesting the Court to not consider matters unrelated to the Plaintiff's September 13, 2018 complaint.

4. Another false statement made by the Defendant was stating Plaintiff was admitted to Dover Behavioral Health from the air base for "further psychiatric stabilization". Nothing could be further from the truth. The Plaintiff was ordered by his administrative commander for an evaluation due to the Plaintiff's complaint against Air Force Chief of Staff Mark Welsh. When the Plaintiff arrived at Dover Behavioral Health he was told by the intake specialist that he had done 50,000 intakes previously and that the Plaintiff didn't need to be there but recommended the Plaintiff stay or the military could use that against the Plaintiff. The Defendant failed to mention that Dover Behavioral Health received collateral information which was the reason no safety concerns was noted. The Defendant also failed to mention that just three days prior to the Plaintiff being ordered for the evaluation at Dover Behavioral Health the Secretary of the Air Force opened an investigation against General Mark Welsh who was in the Plaintiff's chain of command at previous assignment. The Defendant also failed to mention that after the Plaintiff wrote a letter to the Secretary of Defense Ashton Carter in 2016, which included the Plaintiff's website, General Mark Welsh was relieved of duty. Due to the Defendant not mentioning all the material facts in describing the Plaintiff's military career, the Plaintiff requests the Court not consider the unrelated and incorrectly stated information. The Defendant will have the opportunity through the proper motions to request interrogatories and make discovery motions to correctly identify facts. Due to the Defendant's misrepresentation of the facts the Plaintiff is requesting the Court dismiss the Defendant's motion to dismiss until interrogatories and discovery are completed.

5.  The Defendant falsely described the status of the Plaintiff's application to be returned to the military. The Defendant stated that the Plaintiff's request to the Air Force Board for Correction of Military Records was "denied on December 29, 2015 as not viable". This false statement by the Defendant grossly misleads the Court. The December 29, 2015 memo clearly stated twice "this is not a decision by the Board". The memo was clearly a request for additional information as it stated "upon receipt of the required information we will open your case for renewed processing". The Exhibits included with the Plaintiff's September 13, 2018 complaint clearly show the Plaintiff's application is still under active consideration. The Plaintiff requests the Court strike the numerous fraudulent statements made by the Defendant.

6.  Dr. Joseph Zingaro's medical opinion is being used to somehow justify or excuse the actions of the Defendant. The Defendant knows the Plaintiff objected to Dr. Zingaro's medical opinion at the September 6, 2017 custody hearing. The Plaintiff at his follow-up September 15, 2017 custody hearing provided both the Defendant and Judge James McGiffin Jr. a memo dated September 8, 2017 which clearly showed evidence of perjury, medical negligence and misconduct committed by Dr. Zingaro. Additionally the Plaintiff had previously filed complaints against Dr. Zingaro on June 12, 2017 with Dr. Zingaro's supervisor Ms. Janet Barry and on July 11, 2017 with the Division of Professional Regulation (state of Delaware). The misconduct and medical negligence committed by Dr. Zingaro was also detailed in the Plaintiff's January 2, 2018 opening brief to the Delaware Supreme Court. The January 2, 2018 opening brief to the Delaware Supreme Court and the September 8, 2017 memo to People's Place were both included in the Plaintiff's September 13, 2018 complaint. The Defendant also states "the original Psychiatric Evaluation also included that he had an Obsessive Compulsive Personality Disorder". The Defendant again is misrepresenting the facts due to not disclosing that the

Plaintiff's original evaluation was overruled by the Army. The Defendant's picking and choosing of facts and evidence is prejudicial to the administrative of justice.

7. The Plaintiff is not alleging the Defendant "somehow" prejudiced his rights during Family Court litigation, but rather violated federal and state laws and the Delaware Rules of Professional Conduct. The Plaintiff is not asking the Court to enforce the Delaware Rules of Professional Conduct. The Plaintiff only highlighted the violations of the federal and state laws and the Delaware Rules of Professional Conduct to show that the violations were the cause of the Plaintiff's injuries.

8. The Court does have subject matter jurisdiction based on the federal statutes in question. The Defendant falsely asserts the Plaintiff "seeks to impose criminal liability upon Defendant". The federal laws were only mentioned to demonstrate that the complaint involved federal statutes whose purpose is to protect the public (e.g. 18 U.S.C § 371 is to "protect society from dangers of concerted criminal conduct", 18 U.S.C. § 1513 "is to strengthen existing legal protection for victims and witnesses of federal crimes"). Due to the Plaintiff's pending actions the Plaintiff is a witness and therefore 18 U.S.C. § 1512 is also applicable. Additionally the Plaintiff can receive relief under 18 U.S.C § 1509 which states "no injunctive or other civil relief against the conduct made criminal by this section shall be denied on the ground that such conduct is a crime".

9. The Defendant's argument that excluding ex-wife and Dr. Zingaro as indispensable parties would hinder his ability to defend himself is without merit. The Plaintiff nor the Defendant need additional parties to join to be granted complete relief. The Plaintiff and his ex-wife have three young children and the Plaintiff does not want to expose his ex-wife to any additional stress beyond what the military, Family Court and the Defendant have caused. The

Defendant falsely concludes in his argument "Plaintiff made the decision to exclude the indispensable parties hoping their absence would preclude or at least hinder Defendant's ability to defend himself". The Plaintiff, as should the Defendant, only hopes that both ex-wife and Dr. Zingaro be truthful neutral witnesses. The Plaintiff requests that no additional parties be added to the complaint as the Defendant has the ability to defend himself by requesting witness testimony either through depositions or subpoenaing witnesses. The overwhelming evidence presented by the Plaintiff is the only logical reason that explains why the Defendant is requesting that the two witnesses be joined as Defendants. The Defendant knows putting the witnesses in a defensive position would more likely affect their testimony to the benefit of the Defendant. Therefore to prevent any unfairness and prejudice the Plaintiff is requesting that the Court deny the Defendant's motion for dismissal based on the failure to join indispensable parties.

10. The Defendant references the Plaintiff's 2015 complaint with this Court as evidence outside of pleadings. The Plaintiff believes this is an unfair and bias reference due to not a single individual admitting or denying the allegations in the Plaintiff's 2015 federal complaint. Additionally the Plaintiff's 2015 complaint, which was posted on the Plaintiff's website for three years, was well known to senior government officials none of whom expressed any concern. Also the 2015 complaint is still under consideration at the International Criminal Court. If any of the allegations in the Plaintiff's 2015 complaint were false accusations the Plaintiff would have been in serious legal jeopardy. The Plaintiff requests the Court deny the Defendant's request to use the Plaintiff's 2015 complaint as evidence for outside of pleadings.

11. The Defendant falsely argues that "Moreover, dismissal would have no effect upon Plaintiff's ability to remedy his allegations against Defendant in the appropriate tribunal, which

is the Office of Disciplinary Counsel". The Office of Disciplinary Counsel does not provide legal or equitable relief therefore the Defendant's argument is without merit.

12. The Defendant falsely asserts that Plaintiff's claim is in regards to a claim of civil conspiracy. The Plaintiff did not make a claim for civil conspiracy in his complaint. Due to the Plaintiff not pursuing a claim for civil conspiracy neither the ex-wife nor Dr. Zingaro should be added as additionally parties.

13. The Plaintiff does have a claim for intentional infliction of emotional distress due to the Defendant's reckless and malicious actions which were in violation of numerous federal and state laws and the Delaware Rules of Professional Conduct. All of the allegations in the Plaintiff's September 13, 2018 complaint are supported with factual evidence to include motions from the Defendant and the Plaintiff, briefs to higher level courts, statements from court transcripts and witness testimony. Delaware has adopted the definition for intentional infliction of emotional distress found in the Restatement (Second) of Torts: "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress". The Defendant's conduct which was both intentional and reckless resulted in severe emotional distress to the Plaintiff. The initial intentional harm caused by the Defendant's March 7, 2016 false and malicious Emergency PFA led to the Plaintiff being unjustly removed from home with no place to live, emotional pain of not seeing his children for 5 months and the incursion of significant financial debt due to the need for emergency lodging, legal and other unexpected costs. All of the actions by the Defendant led to the Plaintiff calling the Veterans Administration in the middle of the night crying and pleading for assistance. After being moved into a homeless shelter for Veterans the Plaintiff sought and received counseling from the VA. The horrific and reckless actions by the

Defendant lasted for over one year and led to the Plaintiff incurring substantial debt, harm to reputation, ruined career opportunities to include the Plaintiff's chances of returning to the military and a further loss of consortium with children due to the Defendant's client receiving exclusive custody. The loss of enjoyment of life led to the reoccurrence of a severe migraine headache. Any reasonable person would conclude the Defendant's actions caused severe emotional distress.

14. The Plaintiff did list one of the causes in his cover sheet as "professional malpractice" but did not include that as an actual claim in his complaint. The Plaintiff's only goal was to demonstrate that the Defendant had committed legal malpractice. The Plaintiff did provide a "detailed summary of the professional malpractice" in the complaint, but did not make that a claim in his complaint. Therefore the Plaintiff does agree with the Defendant that he does not have a legal claim for legal malpractice.

15. The Plaintiff completely disagrees with the Defendant's opinion that the conduct was not extreme and outrageous as to permit recovery. Any reasonable person would conclude that the Defendant's actions detailed in the Plaintiff's September 13, 2018 complaint was extreme and outrageous conduct. When the Plaintiff asked one of his experienced law professors a general question in class relating to a lawyer assisting a client with perjury, the law professor responded by stating "that's the worst thing a lawyer could do and would be grounds for automatic disbarment". Therefore the conduct of the Defendant would also be considered extreme and outrageous by the profession in which the Defendant is employed. As the Defendant referenced in his motion "it would be for the jury to determine whether the conduct had been sufficiently extreme and outrageous to result in liability". Therefore the Plaintiff is requesting the Court grant the relief that the Plaintiff requested in his September 13, 2018 complaint and allow a jury

to decide if the conduct detailed in the Plaintiff's complaint is "sufficiently extreme and outrageous to result in liability".

## CONCLUSION

Due to the Defendant's misrepresentation of the facts, the inclusion of matters that are currently pending action and the incorrect conclusion that the Court does not have subject matter jurisdiction the Plaintiff respectfully requests that the Court deny the Defendant's motion to dismiss. Additionally due to the Defendant's misrepresentation of the facts, the Plaintiff in accordance with the Federal Rules of Civil Procedure Rule 60(b)(3) respectfully requests that the Court deny the Defendant's motion to dismiss. The Plaintiff also requests that the Court dismiss the Defendant's motion to dismiss due to the Court consequently having federal jurisdiction based on Diversity of Citizenship.

Respectfully submitted,

19 October 2018
Dated

Gerald I. Smith Jr.
207 Stonegate Blvd
Elkton, MD 21921
(302) 505 0511

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Gerald I. Smith Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 18-1415 |
| ) | |
| Sean M. Lynn, Esq. (Individual) and The Law ) | Jury Trial Requested |
| Offices of Sean M. Lynn, P.A. (Corporation) ) | |
| ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I, GERALD I. SMITH JR., do hereby certify that on this 19th day of October 2018 a copy of the attached Plaintiff's Motion Opposing Defendant's Motion to Dismiss was served via first-class mail on the following individual of record:

Gary W. Alderson
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630

19 October 2018
Dated

Gerald I. Smith Jr.
207 Stonegate Blvd
Elkton, MD 21921
(302) 505 0511
Pro Se

Page 1 of 1