IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GERALD I. SMITH, JR., <br><br> Plaintiff, <br><br> v. <br><br> SEAN M. LYNN, THE LAW OFFICES OF SEAN M. LYNN, P.A., <br><br> Defendants. | Civil Action No. 18-1415-CFC-SRF |

**REPORT AND RECOMMENDATION**

## I. INTRODUCTION

Plaintiff Gerald I. Smith, Jr. ("plaintiff") proceeds *pro se* and has paid the filing fee. He filed this lawsuit on September 13, 2018, alleging diversity of citizenship as well as violations of federal laws, treaties, and the Constitution. (D.I. 1 at 1) Presently before the court are the following motions: (1) the motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(b)(7), filed by defendants Sean M. Lynn ("Mr. Lynn") and The Law Offices of Sean M. Lynn, P.A., (together, "defendants") (D.I. 6);[1] (2) plaintiff's motion for sanctions for bad faith conduct (D.I. 13);[2] and (3) plaintiff's motion for a preliminary injunction and motion for sanctions (D.I. 18).[3] For the following reasons, I recommend that the court grant defendants' motion to dismiss and dismiss the action with prejudice, deny plaintiff's motions for

---

[1] The briefing associated with the instant motion to dismiss is found at D.I. 7, D.I. 10, and D.I. 11.

[2] On December 7, 2018, the court granted the letter request submitted by counsel for defendants asking to be excused from filing an answering brief. (D.I. 15) Consequently, there is no further briefing associated with the motion for sanctions.

[3] The briefing and exhibits associated with the motion for a preliminary injunction are found at D.I. 18, D.I. 20, D.I. 21, and D.I. 22.

sanctions, and deny plaintiff's motion for a preliminary injunction.

## II. BACKGROUND

Beginning in 2015, Mr. Lynn represented plaintiff's ex-wife, Olena Smith, in proceedings before the Kent County, Delaware Family Court ("Family Court") relating to her petition for divorce and motion for joint custody of the couple's three children. (D.I. 1 at ¶ 4) On March 7, 2016, defendants filed a petition for protection from abuse ("PFA") and emergency motion for *ex parte* custody on behalf of Ms. Smith. (*Id.* at ¶ 2; D.I. 1-1 at 118-27) Plaintiff filed a counter-petition for protection from abuse on March 22, 2016. (D.I. 1-1 at 133-44) Ms. Smith's PFA petition was granted, and plaintiff's PFA petition was denied. (*Id.* at 102-08, 129-31, 359) On appeal, the Delaware Supreme Court affirmed the decision of the Family Court on March 22, 2017. (*Id.* at 38-44) On October 12, 2017, the Family Court granted exclusive custody of the three children to Ms. Smith and ordered plaintiff to undergo a psychiatric evaluation. (D.I. 1-1 at 214-19) Plaintiff appealed the custody decision to the Delaware Supreme Court, which affirmed the ruling of the Family Court on August 1, 2018.[4] (D.I. 8 at A257-59)

On May 9, 2018, plaintiff sent defendants a demand letter for "reimbursement for damages" for alleged "litigation misconduct" during the Family Court litigation, alleging intentional infliction of emotional distress ("IIED"), as well as violations of federal law, the Delaware Lawyer's Rules of Professional Conduct, plaintiff's constitutional rights, and the Federal Rules of Civil Procedure. (D.I. 1-1 at 2-5) Plaintiff also alleged that defendants

---

[4] Although the Delaware Supreme Court's August 1, 2018 ruling was not attached to plaintiff's complaint, the court may consider the ruling without converting the motion to dismiss to a motion for summary judgment because it is a matter of public record. *See Kickflip, Inc. v. Facebook, Inc.*, 999 F. Supp. 2d 677, 682 (D. Del. 2013) (quoting *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).

2

obstructed justice by conspiring with the psychologist who conducted the court-ordered competency evaluation. (*Id.* at 4)

When defendants did not respond to the May 9, 2018 demand letter, plaintiff filed a complaint against Mr. Lynn with the Delaware Office of Disciplinary Counsel ("ODC") on September 4, 2018. (D.I. 1-1 at 7-12) In the complaint, plaintiff cited Mr. Lynn's alleged professional malpractice, "intentional negligence," and IIED. (*Id.* at 7) Plaintiff claims that defendants and Ms. Smith harmed him by submitting false and harassing motions to the Kent County Family Court beginning on March 7, 2016. (*Id.* at 7-8) As a result of the filing of the PFA petition and motion for *ex parte* custody, plaintiff contends that he was removed from his home, he lived in a homeless shelter for veterans, he was not permitted to see his children for five months, and he incurred substantial debt and harm to his reputation. (*Id.* at 9, 12)

On September 13, 2018, plaintiff initiated the instant lawsuit by filing a complaint appearing to allege causes of action for legal malpractice, "intentional negligence," IIED, violations of various federal statutes, and a civil conspiracy between defendants, Ms. Smith, the Family Court, and Dr. Zingaro to discredit plaintiff's federal whistleblower complaints. (D.I. 1) In the complaint, plaintiff asserts the following injuries: (1) loss of custody and loss of consortium with children, (2) financial hardship and homelessness, (3) interference with plaintiff's application to the Air Force Board for Correction of Military Records and/or future employment and income opportunities, (4) discrediting plaintiff's federal military whistleblower complaints, and (5) harm to plaintiff's reputation and opportunity to return to the military. (*Id.* at 10-11) Plaintiff seeks relief in the form of $10 million in compensatory, punitive, and nominal damages, as well as the costs and fees of litigation. (*Id.* at 11-12)

## III. DISCUSSION

### A. Motion to Dismiss

#### 1. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter, or if the plaintiff lacks standing to bring a claim. Once the court's subject matter jurisdiction is challenged, the plaintiff bears the burden of proving that jurisdiction exists. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the court's subject matter jurisdiction. *See Lincoln*, 800 F.3d at 105 (quoting *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009)).

Defendants present a facial challenge to subject matter jurisdiction in the present case. (D.I. 7 at 11) In reviewing a facial challenge under Rule 12(b)(1), the standards relevant to Rule 12(b)(6) apply. In this regard, the court must accept all factual allegations in the complaint as true, and the court may only consider the complaint and documents referenced in or attached to the complaint. *See Church of Universal Bhd. v. Farmington Twp. Supervisors*, 296 F. App'x 285, 288 (3d Cir. 2008); *Gould Elec., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). A case that is "wholly insubstantial, frivolous, and completely devoid of merit" may be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *Mikkilineni v. Gibson-Thomas Eng'g Co.*, 379 F. App'x 253 (3d Cir. 2010) (citing *Oneida Indian Nation of N.Y. v. Oneida Cty., N.Y.*, 414 U.S. 661, 666 (1974)). Prior to dismissing a complaint, "a district court must permit a curative amendment unless such an amendment would be

inequitable or futile." *Great W. Mining & Mineral Co. v. Fox Rothschild, LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008)).

I recommend that the court grant defendants' Rule 12(b)(1) motion to dismiss plaintiff's causes of action for violations of federal statutes. The complaint recites alleged violations of a number of federal criminal statutes under Title 18 of the United States Code which do not provide a private right of action.[5] (D.I. 1 at 2-11) (citing 18 U.S.C. §§ 241,[6] 245,[7] 371,[8] 1001,[9] 1509,[10] 1512-13,[11] 1519,[12] and 1621[13]). As plaintiff is aware from his previous litigation in this court, plaintiff lacks standing to bring claims pursuant to Title 18 of the United States Code:

> To the extent plaintiff seeks to impose criminal liability upon defendants pursuant to the federal criminal statutes upon which he relies, he lacks standing to proceed. *See Allen v. Administrative Office of Pa. Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v.*

---

[5] Plaintiff also asserts a cause of action under 11 *Del. C.* § 1222 for second degree perjury. (D.I. 1 at 7) This court lacks jurisdiction to enforce the provisions of the Delaware state criminal code. *See* 11 *Del. C.* § 2701.

[6] There is no private right of action under 18 U.S.C. § 241. *See Peterson v. Shulkin*, C.A. No. 16-160-LPS, 2017 WL 960396, at *4 (D. Del. Mar. 13, 2017).

[7] There is no private right of action under 18 U.S.C. § 245. *See Thompson v. Eva's Village & Sheltering Program*, 2006 WL 469938, at *6 (D.N.J. Feb. 24, 2006).

[8] There is no private right of action under 18 U.S.C. § 371. *See El v. Davis*, C.A. No. 12-1580-GMS, 2013 WL 1914233, at *3 (D. Del. May 7, 2013).

[9] There is no private right of action under 18 U.S.C. § 1001. *See Gresham v. Ocwen Loan Servicing, LLC*, C.A. No. 17-203-MN, 2018 WL 6599901, at *3 (D. Del. Dec. 17, 2018).

[10] There is no private right of action under 18 U.S.C. § 1509. *See Alexander v. Hendrix*, 2015 WL 3464145, at *3 (D. Md. May 29, 2015).

[11] There is no private right of action under 18 U.S.C. §§ 1512 and 1513. *See Shahin v. Darling*, 606 F. Supp. 2d 525, 538-39 (D. Del. 2009).

[12] There is no private right of action under 18 U.S.C. § 1519. *See Antonelli v. Kennedy Hosp.*, 2018 WL 443455, at *2 (D.N.J. Jan. 16, 2018).

[13] There is no private right of action under 18 U.S.C. § 1621. *See Fieni v. Townsend*, 221 F. Supp. 3d 528, 534 (D. Del. 2016).

5

*Batchelder*, 442 U.S. 114, 124 (1979). The federal criminal claims are devoid of merit.

*Smith v. Knights of Columbus*, C.A. No. 15-112-SLR, 2015 WL 4043756, at *5 (D. Del. July 1, 2015);[14] *see also Jones v. Crisis Intervention Servs.*, 239 F. Supp. 3d 833, 836 (D. Del. 2017) (concluding that the plaintiff lacked standing to bring causes of action under 18 U.S.C. §§ 241, 242, 249, and 1035). This defect cannot be cured by amendment. *Semiani v. United States*, 2016 WL 6879574, at *3 (W.D. Pa. Nov. 22, 2016).

Plaintiff also lacks standing to assert his claims for violations of the Delaware Rules of Professional Conduct. As a preliminary matter, plaintiff contends that he "is not asking the Court to enforce the Delaware Rules of Professional Conduct," nor is he "alleging the Defendant 'somehow' prejudiced his rights during Family Court litigation" by violating the Delaware Rules of Professional Conduct. (D.I. 10 at 5) However, plaintiff goes on to contend that these alleged violations "were the cause of Plaintiff's injuries," and he seeks relief in this court because "[t]he Office of Disciplinary Counsel does not provide legal or equitable relief." (*Id.* at 5, 7)

The law is well-established that "a non-client litigant lacks standing to enforce an alleged conflict between his opponent's counsel and a third party." *In re Appeal of Infotechnology, Inc.*, 582 A.2d 215, 220 (Del. 1990). The purpose of the Delaware Rules of Professional Conduct is "to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability." *Id.* Nonetheless,

---

[14] Plaintiff's prior suit in this court was based on the circumstances surrounding his discharge from the military on March 31, 2014, before the commencement of his divorce proceedings which are the subject of the instant litigation. *Smith v. Knights of Columbus*, C.A. No. 15-112-SLR, 2015 WL 4043756, at *1 (D. Del. July 1, 2015). In his previous civil action, plaintiff named as defendants former President Obama, former Vice President Biden, former Attorney General Holder, former Secretary of Defense Hagel, former President Bush, the Knights of Columbus, and his children's elementary school principal, among others. *Id.*

6

the Delaware Supreme Court has held that "a non-client litigant *does have standing* to enforce the Delaware Rules of Professional Conduct in a trial court when they can demonstrate to the trial judge that the 'opposing counsel's conflict somehow prejudiced his or her rights' and calls into question the 'fair or efficient administration of justice.'" *Matter of Estate of Waters*, 647 A.2d 1091, 1095-96 (Del. 1994) (emphasis in original).

Construing the allegations in the complaint in the light most favorable to plaintiff, as the court must when considering a facial challenge to subject matter jurisdiction, the complaint appears to allege that defendants' conduct prejudiced plaintiff's rights. Plaintiff's complaint alleges that defendants violated the Delaware Rules of Professional Conduct and harmed plaintiff by unlawfully obstructing plaintiff's access to evidence in his home and denying plaintiff the opportunity to complete a household inventory. (D.I. 1 at 9) Plaintiff also incorporates by reference the complaint he filed with the ODC on September 4, 2018, which alleges that Mr. Lynn filed false and harassing motions, conspired with the Family Court, compelled Ms. Smith to commit perjury, and excluded critical evidence regarding plaintiff's whistleblower complaints and mental health history. (D.I. 1-1 at 7-12) The documents attached to the complaint show that similar arguments were raised by plaintiff before the Family Court and on appeal to the Delaware Supreme Court, which ruled against plaintiff. (D.I. 1-1 at 38-44, 46-63, 102-08, 111-14, 187-212, 262-70)

Nonetheless, plaintiff lacks standing to state a claim for violations of the Delaware Rules of Professional Conduct in this court. "There can be no dispute that the Delaware Supreme Court alone establishes and governs the Bar." *U.S. v. Kossak*, 275 F. Supp. 2d 525, 531 (D. Del. 2003), *aff'd*, 178 F. App'x 183 (3d Cir. 2006). Plaintiff's complaint is currently pending before the ODC, which does not appear to have advanced the matter before the Board on Professional

7

Responsibility or the Delaware Supreme Court.[15] Plaintiff's complaint is based on alleged conduct occurring before the Family Court, as opposed to conduct occurring in this court. (D.I. 1-1 at 7-12) Plaintiff has not shown how this court has jurisdiction over Mr. Lynn's alleged violations of the Delaware Rules of Professional Conduct in Family Court. *See Carpet Grp. Int'l v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000) (party asserting subject matter jurisdiction has the burden of proving its existence).

Plaintiff also denies alleging a cause of action for legal malpractice in his complaint:

> The Plaintiff did list one of the causes in his cover sheet as "professional malpractice" but did not include that as an actual claim in his complaint. The Plaintiff's only goal was to demonstrate that the Defendant had committed legal malpractice. The Plaintiff did provide a "detailed summary of the professional malpractice" in the complaint, but did not make that a claim in his complaint. Therefore the Plaintiff does agree with the Defendant that he does not have a legal claim for legal malpractice.

(D.I. 10 at 8) Even if the court were to set aside plaintiff's concession that he has no claim against defendants for legal malpractice, plaintiff lacks standing to assert such a claim pursuant to Rule 12(b)(1).

Under Delaware law, the elements of a cause of action for legal malpractice are: "(1) employment of the attorney; (2) neglect of a professional duty by the attorney; and (3) loss resulting from the attorney's neglect." *See Arunachalam v. Pazuniak*, C.A. No. 15-259-RGA, 2016 WL 748005, at *4 (D. Del. Feb. 24, 2016) (citing *Oakes v. Clark*, 2012 WL 5392139, at *3 (Del. Super. Ct., *aff'd*, 69 A.3d 371 (Del. 2013)). To assert a claim for legal malpractice, there must be employment of the attorney. *Id.* However, the parties in the present action do not

---

[15] The procedures followed by the ODC upon receipt of a complaint regarding a Delaware lawyer are found at https://courts.delaware.gov/odc/thingstoknow.aspx, last visited on April 29, 2019.

dispute that plaintiff did not employ Mr. Lynn.[16] Consequently, plaintiff lacks standing to bring a cause of action for legal malpractice against defendants. *See, e.g., McDonald v. Coyle*, 175 F. App'x 947, 949 (10th Cir. 2006) (concluding that husband lacked standing to bring legal malpractice claim against his wife's criminal defense attorney absent a showing his wife was unable to bring the legal malpractice claim herself).

The plaintiff also must show that, "but for the attorney's neglect, the plaintiff would have been successful." *Arunachalam*, 2016 WL 748005, at *4. For the reasons described in more detail at § III.A.3, *infra*, the complaint and attachments thereto do not plausibly suggest that plaintiff would have prevailed in Family Court absent defendants' counsel's alleged professional negligence. Instead, the record shows that the Family Court's credibility determination was based largely on observations of plaintiff's own conduct throughout the proceedings. Specifically, on August 16, 2016, the Family Court issued an Order concluding that the Commissioner did not err in denying plaintiff's request for access to the marital residence to collect additional evidence, and plaintiff's accusation that Ms. Smith falsely testified at the PFA hearing was not substantiated. (D.I. 1-1 at 102-08) On March 22, 2017, the Family Court noted that "[t]he transcript of PFA hearing reflects that the Commissioner's concerns regarding the Husband's mental health were based on her observations of his behavior at the hearing." (D.I. 1-1 at 38-44) In its August 1, 2018 decision,[17] the Delaware Supreme Court "defer[red] to the Family Court's factual findings and its credibility determinations," concluding that it was

---

[16] Dismissal of plaintiff's legal malpractice claim is warranted under Rule 12(b)(6) for the same reason.

[17] Although the August 1, 2018 decision of the Delaware Supreme Court was not attached to plaintiff's complaint, the court may nonetheless consider the decision as a matter of public record. *See Arunachalam v. Pazuniak*, C.A. No. 15-259-RGA, 2017 WL 3978000, at *2 (D. Del. Sept. 11, 2017) (considering matters of public record submitted by defendants in support of Rule 12(b)(1) and (b)(6) motions to dismiss).

9

"apparent from its opinion that the Family Court reviewed the evidence, made factual findings, and applied the correct legal standard" in reaching its custody determination. (D.I. 8 at A257-59)

For the foregoing reasons, I recommend dismissal of plaintiff's causes of action for violations of federal and state criminal statutes, violations of the Delaware Rules of Professional Conduct, and legal malpractice pursuant to Rule 12(b)(1). Plaintiff's remaining causes of action for "intentional negligence," civil conspiracy, and IIED are addressed at § III.A.3, *infra*.

### 2. Rule 12(b)(7)

Pursuant to Federal Rule of Civil Procedure 12(b)(7), a party may seek dismissal for failure to join a party under Rule 19. In deciding whether to grant dismissal, the court must first determine whether the party is a necessary party under Rule 19(a). *See Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007). A party is necessary if, in the absence of the party, (1) complete relief cannot be afforded to the present parties, (2) the disposition of the action would impair the party's ability to protect its own interest, or (3) any of the present parties would be subject to a substantial risk of multiple or inconsistent obligations. *See* Fed. R. Civ. P. 19(a). If the party is necessary under Rule 19(a), the party must be joined, if joinder is feasible.

In the present case, defendants argue that plaintiff failed to join Ms. Smith, the Family Court, and Dr. Zingaro as indispensable parties as required by Rule 19 because the complaint alleges that each of these parties conspired with defendants to harm him. (D.I. 7 at 13) In response, plaintiff argues against the joinder of additional parties because he "does not want to expose his ex-wife to any additional stress beyond what the military, Family Court and the Defendant have caused." (D.I. 10 at 5) Plaintiff expresses concern that Ms. Smith and Dr. Zingaro will not be "truthful neutral witnesses" if they are joined as defendants. (*Id.* at 6)

Plaintiff does not identify civil conspiracy as a cause of action in his pleading, and he expressly states that he does not assert a cause of action for civil conspiracy in his response to defendants' motion to dismiss: "The Plaintiff did not make a claim for civil conspiracy in his complaint." (D.I. 10 at 7) For the reasons set forth at § III.A.3, *infra*, plaintiff fails to state a claim for civil conspiracy under Rule 12(b)(6) to the extent that he asserts the cause of action. Consequently, the court need not reach defendants' motion to dismiss pursuant to Rule 12(b)(7).

### 3. Rule 12(b)(6)[18]

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Connelly v. Lane Constr. Corp.*, 809 F. 3d 780, 790-91 (3d Cir. 2016).

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56.

---

[18] For the first time in the reply brief, defendants argue that the complaint fails as a matter of law under the common law rule of "absolute privilege." (D.I. 11 at 8) The court declines to consider arguments raised for the first time in a reply brief. *See* D. Del. LR 7.1.3(c)(2) ("The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief.").

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 302 (3d Cir. 2011). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.

Although neither party addresses plaintiff's cause of action for "intentional negligence" in the briefing on the motion to dismiss, I recommend that the court dismiss this claim *sua sponte* pursuant to Rule 12(b)(6). *See Kabbaj v. Am. Sch. of Tangier*, C.A. No. 10-431-RGA, 2015 WL 2405616, at *3 (D. Del. May 19, 2015) ("The court has the inherent authority to dismiss claims *sua sponte* for failure to state a claim upon which relief may be granted consistent with Rule 12(b)(6)."). Plaintiff's intentional negligence claim relates to defendants' failure or refusal to assist plaintiff with the reimbursement of various funds and defendants' failure to acknowledge plaintiff's federal whistleblower complaints and application for correction of military records. (D.I. 1 at 3, 10-12) These allegations do not state a plausible claim for relief under the *Iqbal/Twombly* standard because "negligence is, by definition, not an intentional wrong." *Anderson v. Airco, Inc.*, 2004 WL 2827887, at *4 n.28 (Del. Super. Ct. Nov. 30, 2004) (quoting 16 Am. Jur. 2d Conspiracy § 51).

With respect to plaintiff's claim for civil conspiracy, defendants allege that the cause of action fails because there is no indication that a mutual agreement or understanding existed, and

the complaint does not identify an underlying wrong which is actionable in this court.[19] (D.I. 7 at 16-17) Plaintiff claims he did not assert a claim for civil conspiracy in his response to the motion to dismiss: "The Plaintiff did not make a claim for civil conspiracy in his complaint." (D.I. 10 at 7)

To state a claim for civil conspiracy under Delaware law, a plaintiff must allege: "(1) a confederation or combination of two or more persons; (2) an unlawful act done in furtherance of the conspiracy; and (3) actual damage." *AeroGlobal Capital Mgmt., LLC v. Cirrus Indus., Inc.*, 871 A.2d 428, 437 n.8 (Del. 2005) (citing *Nicolet, Inc. v. Nutt*, 525 A.2d 146, 149 (Del. 1987)). "Civil conspiracy is not an independent cause of action in Delaware, but requires an underlying wrong which would be actionable absent the conspiracy." *Nutt v. A.C. & S. Co., Inc.*, 517 A.2d 690, 694 (Del. Super. Ct. 1986). To the extent that plaintiff alleges a cause of action for civil conspiracy in his pleading, that claim fails as a matter of law due to the dismissal of all other underlying claims in this action.

Finally, defendants challenge the sufficiency of plaintiff's claim for IIED because the alleged conduct is not sufficiently extreme, and the allegations arise in the context of an attorney properly litigating matters in Delaware courts. (D.I. 7 at 17-18) To state a claim for IIED, the plaintiff must show that the defendant intentionally or recklessly caused severe emotional distress to another by engaging in extreme and outrageous conduct. *Spence v. Cherian*, 135 A.3d 1282, 1288 (Del. Super. Ct. 2016). "Extreme and outrageous conduct is that which 'exceeds the bounds of decency and is regarded as intolerable in a civilized community.'" *Id.* at 1289 (citing

---

[19] In the reply brief, defendants address plaintiff's civil conspiracy allegations under Rule 12(b)(1). (D.I. 11 at 1-2) However, defendants rely on the 12(b)(6) standard pursuant to *Iqbal* and *Twombly* in support of the Rule 12(b)(1) argument. Because the substance of defendants' argument is based on the Rule 12(b)(6) standard, the court addresses the civil conspiracy allegations in accordance with that standard.

13

*Thomas v. Harford Mut. Ins. Co.*, 2004 WL 1102362, at *3 (Del. Super. Ct. Apr. 7, 2004)). There is no liability for "mere insults, indignities, or annoyances that are not extreme or outrageous." *Hydrogen Master Rights, Ltd. v. Weston*, 228 F. Supp. 3d 320, 340 (D. Del. 2017) (quoting *Hunt ex rel. DeSombre v. State*, 69 A.3d 360, 367-68 (Del. 2013)).

I recommend that the court dismiss plaintiff's cause of action for IIED because defendants' conduct cannot reasonably be regarded as so extreme and outrageous as to permit recovery. "It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." *Hunt*, 69 A.3d at 367 (quoting Restatement (Second) of Torts § 46(h) (1965)). "If reasonable minds may differ, the question of whether the conduct is extreme and outrageous is for the jury." *Id.* The record presently before the court does not lead reasonable minds to differ.

The complaint appears to allege that the filing of the Emergency PFA Petition and various other motions by defendants amounted to IIED. However, defendants' filing of the Emergency PFA Petition and various other motions[20] cannot reasonably be regarded as so extreme and outrageous as to permit recovery. *See Mason v. City of Philadelphia*, 2014 WL 4249767, at *6 (E.D. Pa. Aug. 28, 2014) (dismissing IIED claim, which was based on opposing counsel's filing of "Writs of Possession" against pro se plaintiff, pursuant to Rule 12(b)(6)). The record submitted by plaintiff shows that plaintiff raised his allegations of misconduct by defendants in the proceedings before the Family Court, and on appeal to the Delaware Supreme

---

[20] In particular, the complaint suggests that these filings were extreme and outrageous because they contained false statements which were damaging to plaintiff and excluded evidence of plaintiff's medical clearance. (D.I. 1 at 4, 6) However, the record attached to plaintiff's own pleading fails to definitively establish the falsity of the motions filed on behalf of Ms. Smith and, in some instances, supports the veracity of those motions. (D.I. 1-1 at 42-44, 226-40, 514-16, 525-27, 541-43)

14

Court. (D.I. 1-1 at 38-44; D.I. 8 at A257-29) Therefore, this conduct cannot form the basis for a viable claim of IIED against defendants.

The complaint also cites defendants' exclusion of evidence regarding plaintiff's whistleblower complaint and application for correction of his military records in support of the cause of action for IIED. However, defendants did not exhibit extreme and outrageous conduct by filing the various motions in Family Court despite the pendency of plaintiff's unrelated federal whistleblower complaint and application for correction of military records. As counsel to Ms. Smith in her Family Court proceedings, defendants had no obligation to consider or account for plaintiff's interest in unrelated litigation or administrative processes. *See Haines v. Liggett Grp., Inc.*, 814 F. Supp. 414, 425 (D.N.J. 1993) (describing an attorney's "obligation to fully protect his or her client's interests"); *Clark v. Al-Amin*, 872 N.W.2d 730, 739-40 (Mich. Ct. App. 2015) (holding that counsel to defendant, as an adversary of plaintiff, should not be placed "in the untenable and conflicted position of advising" both plaintiff and defendant).

Plaintiff also relies on defendants' denial of plaintiff's access to his home in contravention of a court order to support his IIED claim. Yet the record attached to plaintiff's complaint confirms that the issue of access to the house was raised before the Family Court and the Delaware Supreme Court, both of which concluded that plaintiff was not harmed by his lack of access to the house. (D.I. 1-1 at 39-41, 104-06) Neither the Family Court nor the Delaware Supreme Court found defendants' conduct extreme or outrageous, and the record reflects that Ms. Smith had exclusive use of the parties' residence at the time plaintiff requested access. (*Id.*)

Finally, the complaint cites defendants' alleged subornation of perjury regarding Ms. Smith's testimony in support of the cause of action for IIED. However, the documents attached to plaintiff's complaint fail to support plaintiff's allegations that Ms. Smith's testimony and/or

15

Mr. Lynn's preparation of Ms. Smith to testify amounted to extreme or outrageous conduct. (D.I. 1-1 at 106-07)

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice. The district court may deny leave to amend only if (1) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (2) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). In the present case, the extensive record incorporated by reference into plaintiff's complaint establishes that amendment would be futile. Therefore, I recommend that the court dismiss the complaint with prejudice.

### B. Motion for Sanctions

Plaintiff seeks sanctions against defendants' counsel pursuant to Federal Rule of Civil Procedure 11(b)(1) and Rules 3.3 and 8.4 of the Delaware Lawyers' Rules of Professional Conduct. (D.I. 13 at 1) In support of the motion for sanctions, plaintiff points to a number of statements made in defendants' counsel's briefing on the motion to dismiss which plaintiff contends are "fraudulent, deceitful and misrepresented." (*Id.* at 2-3) In response, defendants' counsel summarily denies the allegations set forth in the motion. (D.I. 15)

Rule 11(b)(1) compels parties to certify that the filings are made to the "best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," and they are "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). The Third Circuit has held that "[t]he legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances." *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (citing *Business Guides v.*

16

*Chromatic Commc'ns Enter., Inc.*, 498 U.S. 533, 546-47 (1991)). Reasonableness in the context of Rule 11 is "an objective knowledge or belief at the time of the filing of the challenged paper that the claim was well-grounded in law and fact." *Id.* Sanctions are appropriate only if "the filing of the complaint constituted abusive litigation or misuse of the court's process." *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994). The court's authority to impose sanctions for a Rule 11 violation is discretionary rather than mandatory. *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 146 n.28 (3d Cir. 2009) (citation omitted).

I recommend that the court deny plaintiff's motion for sanctions. The court may only impose Rule 11 sanctions in exceptional circumstances. *See Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988). The court has reviewed defendants' filings and finds them neither patently unmeritorious nor frivolous. Defense counsel has taken no action to warrant the imposition of Rule 11 sanctions.

### C. Motion for Preliminary Injunction and Sanctions[21]

Plaintiff moves the court for a preliminary injunction against Mr. Lynn to prevent Mr. Lynn from having further communications with his former client, Ms. Smith. (D.I. 18 at 2) According to plaintiff, on April 15, 2019, Ms. Smith informed plaintiff that Mr. Lynn's deductibles for legal malpractice had increased since the commencement of this litigation. (*Id.* at 1) Plaintiff contends that this communication between Ms. Smith and Mr. Lynn "is misleading conduct that corruptly influences the potential testimony of a key witness." (*Id.*)

A preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the

---

[21] Plaintiff's motion for a preliminary injunction is moot by virtue of the recommendation for dismissal of the action. Nonetheless, the court has considered the motion and recommends denial of the motion.

plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *Id.* Preliminary injunctions should only be granted when necessary "to preserve the relative positions of the parties until a trial on the merits can be held." *See Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *see also Anderson v. Davila*, 125 F.3d 148, 156 (3d Cir. 1997) ("The purpose of a preliminary injunction is to preserve the status quo, not to decide the issues on their merits.").

Plaintiff has failed to satisfy the standard for a preliminary injunction because there is no evidence of a reasonable probability of success on the merits. *See* § III.A, *supra* (recommending dismissal of plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6)). Plaintiff has raised similar allegations based on the same facts in Family Court and before the Delaware Supreme Court.[22] Both of those courts have consistently denied plaintiff's requested relief. Given plaintiff's record of unsuccessful litigation based on the same facts asserted here, the court cannot find that plaintiff has shown a reasonable probability of success on the merits to support injunctive relief. *Simon v. Fed. Prison Indus.*, 2006 WL 462671, at *3 (D.N.J. Feb. 24, 2006).

## IV. CONCLUSION

For the foregoing reasons, I recommend that the court grant defendants' motion to dismiss and dismiss the action with prejudice. (D.I. 16) Furthermore, I recommend that the court deny plaintiff's motion for sanctions (D.I. 13), and deny plaintiff's motion for a

---

[22] Moreover, although plaintiff's previous action in this court was based on a different set of facts relating to his discharge from the military, as opposed to his divorce proceedings, the previous action suffered from many of the same legal deficiencies in the present case. *See Smith v. Knights of Columbus*, C.A. No. 15-112-SLR, 2015 WL 4043756, at *5 (D. Del. July 1, 2015).

18

preliminary injunction (D.I. 18). The Clerk of Court shall cause a copy of this Report and Recommendation to be mailed to plaintiff.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to five (5) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order In Pro Se Matters For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: June 7, 2019

Sherry R. Fallon
United States Magistrate Judge